IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:19-cv-130 |
| ) | |
| v. ) | |
| ) | |
| LUE IDA LATTIMORE, ) | |
| and UNITED STATES STEEL & CARNEGIE ) | |
| PENSION FUND, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. § 7401, brings this civil action: (1) to reduce to judgment unpaid federal tax liabilities of Defendant Lue Ida Lattimore, and (2) to enforce federal tax liens on Lue Ida Lattimore's right to receive survivorship benefits from the pension of her late husband. In support of this action, the United States alleges, as follows:

**Jurisdiction, Venue, and Parties**

1. The district court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Defendant Lue Ida Lattimore resides in Gary, Indiana, which is within the jurisdiction of this Court.

3. Defendant United States Steel & Carnegie Pension Fund is joined as a party as required by 26 U.S.C. § 7403(b) because it administers the pension account against which the United States seeks to enforce the liens and, as such, it has a legal interest in the property on

1

which the United States seeks to enforce its liens, and because the United States seeks an order compelling it to make the pension distributions to the Internal Revenue Service.

**Count I: Reduce Lue Ida Lattimore's Unpaid Tax Liabilities to Judgment**

4. A delegate of the Secretary of the Treasury made assessments against Merrill D. Lattimore and Lue Ida Lattimore for unpaid joint federal income taxes and penalties for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of March 19, 2019, as follows:

| Tax Period | Assessment Date | Assessment Type | Assessed Amount |
|---|---|---|---|
| 2008 | 08/29/2011 | Tax Assessed | $29,529.00 |
| | 08/29/2011 | Late Filing Penalty | $2,829.15 |
| | 08/29/2011 | Late Payment Penalty | $1,760.36 |
| | | **Unpaid Balance with Interest as of March 19, 2019** | **$18,003.71** |
| 2009 | 08/29/2011 | Tax Assessed | $10,044.00 |
| | 08/29/2011 | Failure to Pre-Pay Penalty | $165.00 |
| | 08/29/2011 | Late Filing Penalty | $1,619.77 |
| | 08/29/2011 | Late Payment Penalty | $611.91 |
| | | **Unpaid Balance with Interest as of March 19, 2019** | **$9,927.45** |
| 2010 | 07/25/2011 | Tax Assessed | $8,751.00 |
| | 07/25/2011 | Failure to Pre-Pay Penalty | $146.00 |
| | 07/25/2011 | Late Payment Penalty | $139.74 |
| | | **Unpaid Balance with Interest as of March 19, 2019** | **$9,652.53** |
| 2012 | 02/16/2015 | Tax Assessed | $9,891.00 |
| | 02/16/2015 | Late Filing Penalty | $1,033.75 |
| | 02/16/2015 | Late Payment Penalty | $248.10 |
| | | **Unpaid Balance with Interest as of March 19, 2019** | **$5,148.55** |

5. Proper notice of the liabilities described in paragraph 4 was given to, and payment demanded from, Lue Ida Lattimore.

6. Despite such notice and demand, Lue Ida Lattimore failed, neglected, or refused to fully pay the liabilities and, after the application of all abatements, payments, and credits, Lue

Ida Lattimore remains liable to the United States in the amount of $42,732.24, plus interest and other statutory additions from and after March 19, 2019.

7. On October 23, 2015, the United States Bankruptcy Court for the Northern District of Indiana adopted, as an Order of the Court (Lindquist, J.), a stipulation between Lue Ida Lattimore, the Chapter 13 Trustee and the United States (the "Stipulation"); a copy of the Order adopting the Stipulation is attached as Exhibit A. Under the Stipulation, within 60 days of the bankruptcy court's order adopting the Stipulation, Lue Ida Lattimore was required either to direct the administrator of the United States Steel & Carnegie Pension Fund (from which she was receiving monthly survivorship benefits stemming from the pension account for her late husband) or the administrator of the Indiana Public Retirement System (from which she was separately receiving monthly pension distributions stemming from her own pension account) to begin distributing $1,000.00 each month to the United States beginning with the first distribution after August 10, 2016, or to begin making voluntary payments of $1,000.00 each month to the United States after that date. The Stipulation further provided that, if Lue Ida Lattimore defaulted on her required payments, the United States would be entitled to commence an action against her in the United States District Court, whereupon she would consent to judgment for the remaining amounts due to the United States for the tax periods at issue in the Bankruptcy Case, including tax years 2008, 2009, 2010, and 2012.

8. On April 6, 2017, the Bankruptcy Court issued an Order granting Lue Ida Lattimore's motion for entry of a discharge, which stated: "Entry of the Debtor's discharge does not, and shall not be interpreted to, affect the Court's October 23, 2015 Order approving the stipulation between the Debtor, the Chapter 13 Trustee, and the United States (Doc. 163), and all rights and obligations set forth in that Order shall remain in force."

9. Following the entry of the discharge order, the IRS erroneously abated Lue Ida Lattimore's tax and penalty liabilities for tax years 2008, 2009, and 2010, and her penalty liabilities for tax year 2012 (the tax for 2012 was never abated), believing that such liabilities had been discharged in the bankruptcy. The IRS has since reinstated Lue Ida Lattimore's tax liabilities for tax years 2008, 2009, and 2010.

10. The IRS is in the process of reinstating the abated penalties and the judgment the United States seeks will include any reinstated penalties as well as interest on those penalties; the total amount is estimated to be $53,384.34 as of March 19, 2019.

**Count II: Enforce the Federal Tax Liens Against Lue Ida Lattimore's Right to Receive Pension Payments**

11. The United States incorporates paragraphs 1 through 11, above.

12. Because Lue Ida Lattimore neglected, refused, or failed to pay the liabilities described in paragraph 4 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Lue Ida Lattimore, then in existence or thereafter acquired, including her right to receive pension benefit payments from United Steel & Carnegie Pension Fund as the surviving spouse of Merrill D. Lattimore. Such liens attached at the time Lue Ida Lattimore acquired such property or rights to property.[1]

---

[1] The United States also maintains that the survivorship benefits remain encumbered by the tax liens against Merrill D. Lattimore for the same tax liabilities. Since the property rights of Lue Ida Lattimore are directly encumbered, it does not appear necessary for the United States to seek to enforce the tax liens securing Merrill D. Lattimore's tax liabilities. The United States reserves the right to amend this complaint to do so should that hereafter appear necessary.

13. On May 9, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), with the Lake County Recorder's Office, in the name of Lue Ida Lattimore, with regard to tax years 2008-2010, among others.

14. On January 3, 2018, the IRS, due to the mistaken abatement of Lue Ida Lattimore's tax liabilities, filed a certificate of release of federal tax lien with the Lake County Recorder's Office with regard to the liens for tax years 2008-2010.

15. On December 5, 2018, the IRS filed a Revocation of Certificate of Release of Federal Tax Lien with regard to the liens for tax years 2008-2010 with the Lake County Recorder's Office.

16. On or about December 5, 2018, a delegate of the Secretary of the Treasury gave notice of the revocation described in paragraph 15, above, to Lue Ida Lattimore.

17. Pursuant to 26 U.S.C. §§ 6321 and 6325(e)(2), on the date that notice of the revocation of the release of the federal tax lien was given to Lue Ida Lattimore, tax liens arose in favor of the United States, in an amount equal to the unpaid assessments for the corresponding tax years, plus statutory accruals, upon all property and rights to property belonging to Lue Ida Lattimore.

18. In the Stipulation, Lue Ida Lattimore agreed that, if she defaulted on her required payments, she would consent to an entry of an Order enforcing the United States' tax liens by directing the pension administrator of the United States Steel & Carnegie Pension Fund to make distributions directly to the United States.

19. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens upon Lue Ida Lattimore's right to receive pension benefit payments from United States Steel & Carnegie Pension Fund as the surviving spouse of Merrill D. Lattimore, and have the

Court direct the United States Steel & Carnegie Pension Fund begin to distribute such payments directly to the United States. (The United States is not seeking at this time to enforce the tax liens against Lue Ida Lattimore's right to receive pension benefits from the Indiana Public Retirement System stemming from her own pension account.)

      WHEREFORE, Plaintiff United States of America prays for a judgment determining that:

      A.      Defendant Lue Ida Lattimore is liable to Plaintiff United States for income tax liabilities for the tax years ending December 31, 2008, December 31, 2009, December 31, 2010, and December 31, 2012, in the total amount of $42,732.24, plus statutory additions accruing from and after March 19, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

      B.      The federal tax liens securing the liabilities described above shall be enforced against the Lue Ida Lattimore's right to future pension benefit payments as the surviving spouse of Merrill D. Lattimore by ordering United States Steel & Carnegie Pension Fund to pay any such benefits coming due to the United States of America until Lue Ida Lattimore's liabilities for tax years 2008, 2009, 2010, and 2012 are fully satisfied; and

    C.    The United States of America shall recover its costs, and be awarded such further relief, including the costs of this action, that the Court deem just and proper.

    Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| In re: ) | Case No. 13-bk-22750 |
| ) | Chapter 13 |
| LUE IDA LATTIMORE, ) | Judge Kent Lindquist |
| ) | |
| Debtor. ) | |
| ) | |

## STIPULATION and Order.

It is hereby stipulated and agreed between and among Debtor Lue Ida Lattimore (the "Debtor"), the Chapter 13 Trustee, Paul R. Chael, and Creditor United States of America, on behalf of the Internal Revenue Service, as follows:

1. The parties agree that the Debtor's Chapter 13 Plan shall be amended (or if the Court agrees may be deemed amended) to provide that, on the date it is confirmed, the Trustee will pay the United States all amounts paid by the Debtor and/or Merrill D. Lattimore, to date, less the Trustee's commissions and any applicable fees including the amount of the fees of debtor's counsel as set forth in the Fifth Amended Plan ($3,321.00). It is anticipated that this will reduce the Debtor's remaining tax liabilities to slightly over $53,000.00. The Trustee agrees to this paragraph because the United States' tax liens are senior to those of the Indiana Department of Revenue, and because the Lake County Treasurer's liens do not attach to personalty and because both creditors will receive notice of this Stipulation and will be paid their secured claims in full pursuant to the terms of the plan out of plan payments not yet received.

2. The parties agree that once the Debtor's Chapter 13 Plan is confirmed, the United States will not receive any money through the Plan for the remaining 10 months of the bankruptcy except to the extent that any additional monies paid into the Plan exceed the claims of other creditors.

1



Plaintiff Exhibit A

3.  The United States agrees to withdraw its objection to the Debtor's Fifth Amended Plan (as so amended), and its motion for relief from the automatic stay.

4.  The parties agree to the following terms regarding the remainder of the Debtor's tax liabilities:

    a.  Within 30 days of the Court's adoption of this stipulation, Debtor will contact the administrator of the U.S. Steel & Carnegie Pension Fund to determine whether payments from said fund can be directed, in part, to the United States. If they cannot, the Debtor will may a similar inquiry with respect to the Indiana Public Retirement System.

    b.  If either of the pension administrators is willing to direct part of the pension distributions to the United States, the appropriate pension administrator will be directed, within 60 days of the Court's adoption of this stipulation, to begin distributing $1,000.00 each month to the United States beginning with the first monthly pension distribution after August 10, 2016, for 50 (fifty) consecutive payments. If neither pension administrator will pay the United States directly, the Debtor shall, on August 10, 2016, begin making voluntarily payments of $1,000.00 per month to the United States and continue such monthly payments on the 10th of each month until 50 consecutive payments have been made.

    c.  All payments due under this installment plan are to be made payable to the United States Treasury and should include the Debtor's social security number and the case number of this bankruptcy proceeding, and should be sent to:

>U.S. Department of Justice, Tax Division
>Attn: Financial Litigation Unit
>P.O. Box 310
>Washington, DC 20044

The address for remitting payment via an overnight delivery service, such as Federal Express or United Parcel Service is:

>U.S. Department of Justice, Tax Division
>Attn: Financial Litigation Unit
>555 Fourth Street, N.W., Room 6647
>Washington, DC 20001

The debtor will cooperate in arranging for electronic transfer payments if possible.

d. Until the 50 payments are completed, Debtor shall remain current with her tax obligations including filing returns timely (subject to lawful extensions) and paying all taxes shown thereon timely.

e. The parties agree that if the Debtor makes all payments timely and also complies with the preceding subparagraph, she shall be relieved of any liability for additional interest. If she defaults on the above-described payment plan, or fails to comply with current tax obligations, the United States shall be entitled to commence an action in the District Court against her whereupon she will consent to judgment against her for the remaining amounts due to the United States, including interest (including the interest that otherwise would be waived under this agreement) and to the entry of an order enforcing the tax liens against the pension by directing one of the pension administrators to make distributions directly to the United States. It is agreed in this connection that the Debtor is waiving any contention that she is entitled

to relief from liability under 26 U.S.C. § 6015 or entitled to a refund under that provision of any amounts payable pursuant to this agreement.

5. So long as the Debtor is current with the monthly payments, the IRS shall take no other collection action (except that it may offset any future tax overpayments and the amount of the monthly payments left shall be adjusted – for example a refund offset of $1,400 would relieve the debtor of the 50th payment and reduce the 49th to $600).

6. The Debtor acknowledges that she has an unpaid federal income tax liability of approximately $11,600.00 for the tax years ending December 31, 2013, and December 31, 2014. Nothing in this stipulation should be read to preclude the IRS from collecting the amounts due for these tax years by any lawful means.

7. Each of the parties shall bear its own costs of litigation, including any possible attorney's fees.

8. This document is being filed as a stipulation. The parties request that the Court so order it (or alternatively enter a docket entry that this stipulation is self-effectuating without court involvement).


*/s/Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, DC 20044
(202) 307-1038 (v), (202) 514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

*/s/David M. Dabertin*
DAVID M. DABERTIN
Attorney for Debtor Lue Ida Lattimore
5246 Hohman Avenue, Suite 302
Hammond, IN 46320

*/s/Amy J. Godshalk*
AMY J. GODSHALK
Staff Attorney for Paul R. Chael, Chapter 13 Trustee
401 W. 84th Drive
Merrillville, IN 46410

**SO ORDERED** this ___ day of _____, 2015.

_____
Hon. Kent Lindquist
UNITED STATES BANKRUPTCY JUDGE

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Lue Ida Lattimore & United States Steel & Carnegie Pension Fund

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Porter
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bradley A. Sarnell, U.S. Department of Justice, Tax Division
PO Box 55, Washington DC 20044
(202) 307-1038

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401 & 7403

Brief description of cause:
Reduce tax liabilities to judgment and enforce federal tax liens

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 42,732.24
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 04/03/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/Bradley A. Sarnell

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 2:19-cv-130 |
| Lue Ida Lattimore and United States Steel & Carnegie Pension Fund | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Lue Ida Lattimore
5940 Sundance Trail N, Apt 103
Portage, IN 46368

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Bradley A. Sarnell
U.S. Department of Justice, Tax Division
PO Box 55
Washington, DC 20044
(202) 307-1038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 2:19-cv-130 |
| Lue Ida Lattimore and United States Steel & Carnegie Pension Fund | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   United States Steel & Carnegie Pension Fund
600 Grant Street, Suite 2618
Pittsburgh, PA 15219

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Bradley A. Sarnell
U.S. Department of Justice, Tax Division
PO Box 55
Washington, DC 20044
(202) 307-1038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____              _____
*Signature of Clerk or Deputy Clerk*